# Potter, Appellant, *v.* Philadelphia & Reading Railway Co.

*Negligence—Railroads—Loading car—Independent contractor—Teamster—Proximate cause—Nonsuit.*

1. Where an employee is directed by his employer to assist a teamster in loading the employer's goods on a railroad car, and it appears that the teamster is an independent contractor not in the employ of the railroad company, and that the employee is killed by the negligence of the teamster in operating a crane, damages cannot be recovered from the railroad company for his death, if it appears that the negligent act of the teamster was the proximate cause of the injury.

2. That there was a flaw in the handle which broke and caused the accident, will not fix the liability, where there was no proof that this defect interfered with the usual use of the crane or that, under proper operation, it would have been the cause of an accident such as occurred in this case; in other words, the breaking of the handle happened when an improper operation of the crane intervened as the proximate cause.

Argued January 15, 1924. Appeal, No. 127, Jan. T., 1924, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1917, No. 2993, refusing to take off nonsuit, in case of Naomi Potter v. Philadelphia & Reading Railway Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before BARRATT, P. J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting it.

*Frederick J. Shoyer*, with him *Joseph L. Wase*, for appellant.

*Wm. Clarke Mason,* for appellee.

PER CURIAM, February 4, 1924:

Plaintiff's decedent was employed by the Ætna Foundry Company, steel manufacturers; he and another man were assigned by their employer to assist a teamster engaged by it to place certain castings, weighing several tons each, on flat cars of defendant railroad company, a crane belonging to the latter being used for that purpose. The lifting was done by turning handles which wound on a drum a cable attached to the casting. The purpose of these handles was to lift the weight, although they could be employed for lowering also, by causing them to reverse. The proper method of lowering the load, however, was by the use of a brake and shift gears, the latter releasing the handles so that they would remain stationary, rather than revolve with the downward movement of the load; both these parts, as far as shown, were in working order on the crane which caused the accident that gave rise to the present suit. Here, a seven-ton casting had been placed on a freight car; the load was not in proper position, so it was raised some four to six inches, plaintiff's decedent assisting to effect the adjustment. When it came to the operation of lowering the casting, no use was made of the shift gears, and the man at the brake either failed to use it at all, permitting the casting to drop from its entire elevation of from four to six inches, or the brake was used to a certain extent and then suddenly and improperly released. At all events, the lowering was not done according to the correct method, with the result that, when the casting descended, the handles revolved at a very high speed, and the sudden stoppage when the load struck the car caused such a blow to be transmitted to the handles that part of one of them flew off, striking plaintiff's decedent in the head and causing his immediate death. There was evidence to show a flaw in the steel of which the broken handle was made, but no proof that this defect inter-

fered with the usual use of the crane or that, under proper operation, it would have been the cause of an accident such as occurred in this case; in other words, the breaking of the handle happened when an improper operation of the crane intervened as the proximate cause.

The court below, in entering a nonsuit, correctly stated: "The operation of the crane was entirely in [charge] of the teamster,—defendant company took no part whatever in the loading of the casting; therefore, the improper use of the crane, which was the proximate cause of the happening, was the negligence of the teamster and his employees, and this could not be charged as negligence to defendant company."

The order is affirmed.